UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOM SAYERS, and ADAM DAILEY,<br><br>Plaintiffs,<br><br>v.<br><br>BAM MARGERA, INC., a foreign corporation; BAM MARGERA, an individual; BRANDON DICAMILLO, an individual, and MIKE VALLELY, an individual,<br><br>Defendants. | Case No. C05-5541RJB<br><br>ORDER DENYING DEFENDANT'S MOTION TO QUASH SERVICE OF ORIGINAL PROCESS AND GRANTING PLAINTIFFS' MOTION TO AMEND SUMMONS |

This matter comes before the court on Defendant's Motion of Bam Margera Inc. to Quash Service of Original Process Pursuant to Federal Rule of Civil Procedure 12(B)4) (Dkt.17) and Plaintiffs' Motion to Amend Summons (Dkt. 20). The court has considered the pleadings filed in support of and in opposition to the motionS and the file herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The allegations in this suit stem from a physical altercation between the plaintiffs and defendant Mike Vallely. Dkt. 15 at 1. The plaintiffs contend that the alleged battery was filmed and featured in CKY 3, a film written by defendants Bam Margera and Brandon DiCamillo and edited and produced by Mr. Margera. *Id.* at 2.

The complaint and summons were filed in Pierce County Superior Court in Washington State on June 29, 2005. Dkt. 17-5. On July 15, 2005, Eugene J. Malady accepted service on behalf of Bam

ORDER
Page - 1

1  Margera, Inc., which is incorporated in Pennsylvania and whose principal place of business is in
2  Media, Pennsylvania. Dkt. 17-4. The summons instructed the defendants to respond within 20 days of
3  service. Dkt. 17-5.

4  On August 17, 2005, defendants Bam Margera, Inc., Mr. Margera, and Mr. DiCamillo filed a
5  notice of removal. Dkt. 17. On August 23, the same defendants filed an amended notice of removal.
6  Dkt. 8.

7  The defendant, Bam Margera, Inc., moves the court to quash the service of Bam Margera, Inc.
8  on the grounds that the summons was defective because it should have been a 60 day summons
9  pursuant to RCW 4.28.180 and because the plaintiffs did not file an affidavit stating that service could
10 not be made within the state pursuant to RCW 4.28.185(4). The plaintiffs' response contends that the
11 defendant has not been prejudiced by the defect "and has been sufficiently apprised of the action to
12 petition for removal of it to federal court and to make motions protecting its rights." Dkt. 22. The
13 plaintiffs further contend that the affidavit may be filed at anytime between service and the entry of
14 judgment and therefore filed the requisite affidavit with the court on September 23, 2005. The
15 defendant filed a supplemental memorandum withdrawing its argument regarding the plaintiffs' failure
16 to file an affidavit. Dkt. 23.

17 The plaintiffs have also moved to amend the summons on the grounds that the proper remedy
18 for a defective summons is an amendment and that the defendant has not been prejudiced by the
19 defect. The defendant did not respond to this motion. In its supplemental memorandum, the defendant
20 contends that amendment is an improper remedy in light of the plaintiffs' failure to file a proposed
21 amended summons. Dkt. 23.

## II. DISCUSSION

23 Washington State Civil Rule 4(a) provides that all summonses shall require defendants to serve
24 copies of their defenses within 20 days of service unless a different time period is provided by statute.
25 CR 4(a)(2). It further provides that if a different time period is required by statute, that time period
26 shall be stated in the summons. *Id.* The rule explicitly allows for amendments: "At any time in its
27 discretion and upon such terms as it deems just, the court may allow any process or proof of

service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." CR 4(h).

Washington's long arm statute, RCW 4.28.180, provides a 60 day time period for parties personally served outside of the state. RCW 4.28.185 provides that "[p]ersonal service outside the state shall be valid only when an affidavit is made and filed to the effect that service cannot be made within the state." RCW 4.28.185(4).

The defendant contends that service was defective and should be quashed because the summons required the defendant to appear and answer within 20 days rather than 60 days, thereby failing to comply with CR 4(a)(2). This case is analogous to *Sammamish Pointe Homeowners Ass'n v. Sammamish Pointe L.L.C.*, 116 Wn. App. 117 (2003), *rev. granted*, 150 Wn.2d 1025 (2004), in which the court reversed dismissal for lack of jurisdiction on the grounds that the summons specified the incorrect time period for the defendant's response. The court held that there was no evidence that the defendants would suffer material prejudice if the summons had been amended. *Id.* at 123 ("[D]efendants obtained counsel, appeared, insisted on their right to have 60 days before answering, and were afforded that right. In short, there was no prejudice."). A similar result is appropriate here because so long as the defendant is actually afforded 60 days to respond, there is no evidence that it will be prejudiced by an amendment of the summons. The court should therefore deny the motion to quash the summons.

The defendant contends that the motion to amend the summons should be denied because the plaintiffs did not file a proposed amended summons. The defendant offers no legal authority for the contention that courts cannot grant leave to amend without first reviewing the proposed amendment. Moreover, granting the plaintiffs leave to amend the summons would not bar a subsequent motion by the defendant to contest the sufficiency of the amended summons. The court should therefore grant the motion to amend the summons.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion of Bam Margera Inc. to Quash Service of Original Process Pursuant to Federal Rule of Civil Procedure 12(B)4) (Dkt.17) is **DENIED** and Plaintiffs' Motion to Amend Summons (Dkt. 20) is **GRANTED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 6th day of October, 2005.

Robert J. Bryan
United States District Judge