UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOM SAYERS, and ADAM DAILEY,<br><br>Plaintiffs,<br><br>v.<br><br>BAM MARGERA, INC., a foreign corporation; BAM MARGERA, an individual; BRANDON DICAMILLO, an individual, and MIKE VALLELY, an individual,<br><br>Defendants. | Case No. C05-5541RJB<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT OF BAM MARGERA PURSUANT TO FRCP 12(B)(2), 12(B)(5), AND 12(B)(6) |

This matter comes before the court on Defendant's Motion to Dismiss Amended Complaint of Bam Margera Pursuant to FRCP 12(B)(2), 12(B)(5), and 12(B)(6) (Dkt.19). The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The allegations in this suit stem from an alleged battery of Tom Sayers and Adam Dailey (the plaintiffs) by defendant Mike Vallely. Dkt. 15 at 1. The plaintiffs contend that the battery was filmed and featured in "CKY3," a film written by defendants Bam Margera and Brandon DiCamillo and edited and produced by Mr. Margera. *Id.* at 2. Mr. Margera recalls the date of filming as May 30, 2001, or May 31, 2001. Dkt. 19-3. The plaintiffs were unaware of Mr. Margera's presence at the time and of the fact that he was filming the altercation. Dkt. 32, 33. The plaintiffs contend that they did not consent to the use of their identities and likeness in the

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT OF BAM MARGERA - 1

1  movie, which plaintiffs contend Mr. Vallely published in Washington, the United States, and
2  internationally. *Id.* The plaintiffs originally brought suit against Bam Margera, Inc., Mr. Margera,
3  Mr. DiCamillo and Mr. Vallely, bringing claims for battery, invasion of privacy, outrage, and
4  negligent infliction of emotional distress against the first three defendants. Dkt. 1 at 8.

5  The complaint and summons were filed in Pierce County Superior Court in Washington
6  State on June 29, 2005. Dkt. 17-5. On July 15, 2005, attorney Eugene J. Malady, an attorney,
7  accepted service of one summons and complaint on behalf of Bam Margera, Inc., which is
8  incorporated in Pennsylvania and whose principal place of business is in Media, Pennsylvania.
9  Dkt. 19-4. Mr. Malady appeared in this matter on behalf of the removing defendants on August
10  26, 2005. As of September 21, 2005, Mr. Malady has not accepted service on behalf of Mr.
11  Margera or Mr. DiCamillo. *Id.* Mr. Margera contends that he has not been served. Dkt. 19-3.

12  On August 17, 2005, defendants Bam Margera, Inc., Mr. Margera, and Mr. DiCamillo
13  (removing defendants) filed a *pro se* notice of removal. Dkt. 17. The notice of removal states,
14  "Removing defendants aver that they were served with the complaint on June 18, 2005." Dkt. 1.
15  Mr. Margera signed the notice of removal. *Id.* Mr. Margera contends he mistakenly believed that
16  Mr. Malady had accepted service of process on his behalf on July 18, 2005. Dkt. 19-3. On August
17  17, 2005, Thomas Schneider, an attorney who also appeared on behalf of the removing
18  defendants on August 26, faxed a letter to Todd Renda, attorney for plaintiffs, stating that
19  "Eugene J. Malady, Esquire accepted service of the complaint on behalf of the removing
20  defendants." Dkt. 27, Exh. 1. On August 23, the same defendants filed an amended notice of
21  removal through counsel. Dkt. 8.

22  On September 7, 2005, the plaintiffs amended their complaint to include claims against
23  Mr. Vallely for invasion of privacy and outrage. Dkt. 15. Mr. Margera claims that he has not been
24  served with the amended complaint. Dkt. 19-3.

25  On September 8, 2005, counsel for the removing defendants filed a document contending
26  that Mr. Margera had not been served. Dkt. 16. Mr. Renda responded by sending a letter
27  referencing the averment of service in the notice of removal and attaching waiver of service forms.
28  Dkt. 27, Exh. 2.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT OF
BAM MARGERA - 2

1   The defendant, Mr. Margera, moves the court to dismiss the amended complaint under
2   Federal Rule 12(b)(5), 12(b)(6), and 12(b)(2) on the grounds that service of process was
3   insufficient; that the statute of limitations has run on the plaintiffs' battery, negligent infliction of
4   emotional distress, and outrage claims; and that the plaintiffs have failed to state a claim of battery
5   against Mr. Margera.

## II. DISCUSSION

### A. SERVICE OF PROCESS

Mr. Margera moves to dismiss the amended complaint with prejudice on the grounds that he was never served with original process and that Mr. Malady accepted service on behalf of BMI only. Dkt. 18. Strictly speaking, the motion is premature. Federal Rule 4(m) requires that service of the summons and complaint be made within 120 days after the filing of the complaint. The amended complaint was filed on September 7, 2005, and the time limit for serving the summons and complaint has not yet expired. Because proper service of process of the original complaint would eliminate the need for original service of the amended complaint and because all of the defendant's allegations pertain to the service of the original complaint, the court will treat the motion as a motion to dismiss the original complaint for insufficiency of service of process.

The plaintiffs contend that Mr. Margera is equitably estopped from claiming that service was insufficient and has waived the right to assert that defense. Dkt. 30. In the alternative, the plaintiffs request additional time to effect service on Mr. Margera rather than dismissal with prejudice.

Washington State Civil Rule 4 provides as follows:

> (e) Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed . . . may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located . . . ; or
>
> (2) . . . by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

CR 4(e). The rule also provides that "[t]he written acceptance or admission of the defendant, his agent or attorney" constitutes proof of service. CR 4(g)(5); *See also Hamill v. Brooks*, 32 Wn. App. 150, 152 (1982) (service sufficient where defendant admitted in a deposition that he had

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT OF
BAM MARGERA - 3

1 received the summons and complaint).

2     Mr. Margera contends that the plaintiffs did not serve him with original process, but there
3 are two written statements to the contrary. The first is Mr. Margera's signed statement in the
4 notice of removal that he and the other removing defendants were served. Dkt. 1. The second is
5 Mr. Schneider's letter stating that Mr. Malady had accepted service on behalf of the removing
6 defendants. Dkt. 31, Exh. 1. Under CR 4(g)(5), these written admissions constitute proof of
7 service, and the court should therefore decline to dismiss the complaint for insufficiency of
8 process.

9     **B. STATUTE OF LIMITATIONS**

10     Mr. Margera seeks to dismiss the plaintiffs' claims for battery, outrage, and negligent
11 infliction of emotional distress, contending that they are barred by the statute of limitations. In
12 deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court's inquiry is generally limited
13 to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).
14 The allegations of the complaint are accepted as true and construed in the light most favorable to
15 the plaintiffs. *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 925- 26 (9th Cir. 1996). Claims should
16 only be dismissed if it appears beyond doubt that the plaintiffs can prove no set of facts entitling
17 them to relief. *Wyler Summit Partnership v. Turner Broadcasting Sys., Inc.*, 135 F.3d 658, 661
18 (9th Cir. 1998).

19     Both parties recognize that the statute of limitations for battery is two years (RCW
20 4.16.100), for outrage is either two or three years (*Doe v. Finch*, 133 Wn.2d 96, 101 (1997)), and
21 for negligent infliction of emotional distress is three years (*Washington v. Boeing Co.*, 105 Wn.
22 App. 1, 18 (2000)). Their sole disagreement is when the plaintiffs' claims accrued. The defendant
23 asserts that the incident giving rise to these causes of action occurred on May 31, 2001, at the
24 latest and that this date falls outside of the limitations period for all three causes of action. Dkt. 19
25 at 5. The plaintiffs contend that their claims did not accrue until May 2005, when they first
26 learned of Mr. Margera's alleged involvement in the incident. Dkt. 30 at 7-8.

27
28

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT OF
BAM MARGERA - 4

1    The plaintiffs' claims for outrage and negligent infliction of emotional distress are both
2 premised upon the filming and publication of the battery, not the battery itself. *See* Dkt. 30 at 7
3 ("[P]laintiffs' claims of outrage against this moving defendant stem from his acts of filming a
4 battery upon their persons by defendant, Mike Vallely, concealing this act from plaintiffs, and later
5 publishing the film footage . . . without obtaining consent from the plaintiffs."), 9 ("[D]amage or
6 injury resulting from this moving defendant did not occur until plaintiffs became aware of the
7 existence of defendant's movie which published the battery."). The general rule is that claims
8 accrue on the date of the act or omission. *In re Hibbard*, 118 Wn.2d 737, 744 (1992). For certain
9 torts, the injured parties do not immediately know that they are injured. *Id.* at 745. Causes of
10 actions for such injuries accrue when the plaintiffs knew or should have known of all of the
11 essential elements of their claims. *Id.* In this case, the plaintiffs contend that the filming of the
12 battery and the publication thereof were essential to their outrage and emotional distress claims
13 and that they did not become aware of the filming and publication until May of 2005. Neither the
14 motion nor the reply contends that the plaintiffs actually knew or should have known of these
15 events sooner. The court should therefore deny the motion to dismiss the plaintiffs' outrage and
16 negligent infliction of emotional distress claims as time-barred.

17    The battery claim is premised upon Mr. Margera's alleged actions in concert with Mr.
18 Vallely. Dkt. 30 at 10 ("In this case, plaintiffs' claims against this moving defendant stem from his
19 participation in the battery upon their persons."). The plaintiffs contend that their "claims against
20 Mr. Margera for battery did not accrue until they learned of his identity as photographer and his
21 presence at the scene of the battery." *Id.* at 10. They also contend that his identity and presence at
22 the scene "w[ere] only confirmed very recently when Mr. Margera admitted to being the person
23 who actually filmed the incident in his declaration to this court which accompanied his motion to
24 dismiss." *Id.* If this were true, the plaintiffs' filed their battery claim against Mr. Margera before it
25 ever accrued.

26    The plaintiffs' battery claim accrued against Mr. Margera when they knew or should have
27 known that he acted in concert with Mr. Vallely. The plaintiffs knew or should have known that
28 Mr. Margera allegedly acted in concert when they first learned that the battery was filmed and

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT OF
BAM MARGERA - 5

included in "CKY3," which the plaintiffs contend was May 2005. Dkt. 32, 33. The plaintiffs contend that they did not know that Mr. Margera was present at the time of the alleged battery and had been unaware that the alleged battery was filmed until they learned of "CKY3." *Id.* Mr. Margera does not contest these assertions. As stated above, Mr. Margera does not contend that the plaintiffs knew or should have known about the film before that date. The court should therefore also deny the motion to dismiss the battery claim as time barred.

### C. FAILURE TO STATE A CLAIM FOR BATTERY

Mr. Margera contends that he did not act in concert with Mr. Vallely and brings a motion to dismiss under Federal Rule 12(b)(6). In support of this contention, Mr. Margera asks the court to consider matters outside of the pleadings, which would convert the motion to dismiss into a motion for summary judgment. The court declines do to so at this time because the motion is premature. The parties have not yet conducted discovery, and the court has not been presented with enough information to determine whether summary judgment on the battery claim would be appropriate. At this early juncture, the plaintiffs have pleaded a claim of battery against Mr. Margera that is sufficient to withstand a motion to dismiss under Federal Rule 12(b)(6).

### D. PERSONAL JURISDICTION

Mr. Margera's motion is captioned, in part, as a motion to dismiss pursuant to Federal Rule 12(b)(2), but Mr. Margera offers no facts or legal arguments to support a 12(b)(2) dismissal. To the extent that the motion is premised upon the argument that service of process was insufficient, the motion should be denied because, as discussed above, service of process was sufficient.

Therefore, it is hereby

**ORDERED** that Defendant's Motion to Dismiss Amended Complaint of Bam Margera Pursuant to 12(B)(5) (Dkt.19) is **DENIED**. Defendant's Motion to Dismiss Pursuant to 12(B)(6) is **DENIED**. Defendant's Motion to Dismiss Pursuant to 12(B)(2) is **DENIED**.

1      The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2 to any party appearing *pro se* at said party's last known address.
3      DATED this 26th day of October, 2005.

                       */s/ Robert J. Bryan*
                       Robert J. Bryan
                       United States District Judge