UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOM SAYERS, and ADAM DAILEY,

    Plaintiffs,

v.

BAM MARGERA, INC., a foreign corporation; BAM MARGERA, an individual; BRANDON DICAMILLO, an individual, and MIKE VALLELY, an individual,

    Defendants.

Case No. C05-5541RJB

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT OF BRANDON DICAMILLO PURSUANT TO FRCP 12(B)(2) AND 12(B)(5)

    This matter comes before the court on Defendant's Motion to Dismiss Amended Complaint of Brandon DiCamillo Pursuant to FRCP 12(B)(2) and 12(B)(5) (Dkt.18-1). The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

    The allegations in this suit stem from an alleged battery of Tom Sayers and Adam Dailey (the plaintiffs) by defendant Mike Vallely. Dkt. 15 at 1. The plaintiffs contend that the battery was filmed and featured in "CKY3," a film allegedly written by defendants Bam Margera and Brandon DiCamillo and edited and produced by Mr. Margera. *Id.* at 2. The jacket of the DVD names Mr. DiCamillo as a writer, but Mr. DiCamillo claims that he was merely an actor in the film. Dkt. 35, Dkt. 18-3. The plaintiffs contend that they did not consent to the use of their identities and likenesses in the movie, which plaintiffs contend Mr. Vallely published in Washington, the United

ORDER
Page - 1

States, and internationally. *Id.* The plaintiffs originally brought suit against Bam Margera, Inc. (BMI), Mr. Margera, Mr. DiCamillo and Mr. Vallely, bringing claims for battery, invasion of privacy, outrage, and negligent infliction of emotional distress against the first three defendants. Dkt. 1 at 8.

The complaint and summons were filed in Pierce County Superior Court in Washington State on June 29, 2005. Dkt. 17-5. On July 15, 2005, Eugene J. Malady, an attorney, accepted service of one summons and complaint on behalf of Bam Margera, Inc., which is incorporated in Pennsylvania and whose principal place of business is in Media, Pennsylvania. Dkt. 19-4. Mr. Malady appeared in this matter on behalf of the removing defendants on August 26, 2005. As of September 21, 2005, Mr. Malady has not accepted service on behalf of Mr. Margera or Mr. DiCamillo. *Id.* Mr. DiCamillo contends that he has not been served. Dkt. 19-3.

On August 17, 2005, defendants Bam Margera, Inc., Mr. Margera, and Mr. DiCamillo (removing defendants) filed a *pro se* notice of removal. Dkt. 17. The notice of removal states, "Removing defendants aver that they were served with the complaint on June 18, 2005." Dkt. 1. Mr. DiCamillo signed the notice of removal. *Id.* Mr. DiCamillo contends that Mr. Margera mistakenly believed that Mr. Malady had accepted service of process on his behalf on July 18, 2005. Dkt. 19-3. On August 17, 2005, Thomas Schneider, an attorney who also appeared on behalf of the removing defendants on August 26, faxed a letter to Todd Renda, attorney for plaintiffs, stating that "Eugene J. Malady, Esquire accepted service of the complaint on behalf of the removing defendants." Dkt. 27, Exh. 1. On August 23, the same defendants, through counsel, filed an amended notice of removal. Dkt. 8.

On September 7, 2005, the plaintiffs amended their complaint to include claims against Mr. Vallely for invasion of privacy and outrage. Dkt. 15.

On September 8, 2005, counsel for the removing defendants filed a document contending that Mr. DiCamillo had not been served. Dkt. 16. Mr. Renda responded by sending a letter

ORDER
Page - 2

referencing the averment of service in the notice of removal and attaching waiver of service forms. Dkt. 27, Exh. 2.

The defendant, Mr. DiCamillo, moves the court to dismiss the amended complaint under Federal Rule 12(b)(2) and 12(b)(5) on the grounds that service of process was insufficient and that personal jurisdiction is lacking. Dkt. 19-2.

## II. DISCUSSION

### A. SERVICE OF PROCESS

Mr. DiCamillo moves to dismiss the amended complaint on the grounds that he was never served with original process and that Mr. Malady accepted service on behalf of BMI only. Dkt. 18. Strictly speaking, the motion is premature. Federal Rule 4(m) requires that service of the summons and complaint be made within 120 days after the filing of the complaint. The amended complaint was filed on September 7, 2005, and the time limit for serving the summons and complaint has not yet expired. Because proper service of process of the original complaint would eliminate the need for original service of the amended complaint and because all of the defendant's allegations pertain to the service of the original complaint, the court will treat the motion as a motion to dismiss the original complaint for insufficiency of service of process.

The plaintiffs contend that Mr. DiCamillo is equitably estopped from claiming that service was insufficient and has waived the right to assert that defense. Dkt. 25. In the alternative, the plaintiffs request additional time to effect service on Mr. DiCamillo rather than dismissal with prejudice.

Washington State Civil Rule 4 provides as follows:

(e) Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed . . . may be effected in any judicial district of the United States:

> (1) pursuant to the law of the state in which the district court is located . . . ; or
> (2) . . . by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

CR 4(e). The rule also provides that "[t]he written acceptance or admission of the defendant, his agent or attorney" constitutes proof of service. CR 4(g)(5); *See also Hamill v.*

*Brooks*, 32 Wn. App. 150, 152 (1982) (service sufficient where defendant admitted in a deposition that he had received the summons and complaint).

Mr. DiCamillo contends that the plaintiffs did not serve him with original process, but there are two written statements to the contrary. The first is Mr. DiCamillo's signed statement in the notice of removal that he and the other removing defendants were served. Dkt. 1. The second is Mr. Schneider's letter stating that Mr. Malady had accepted service on behalf of the removing defendants. Dkt. 27, Exh. 1. Under CR 4(g)(5), these written admissions constitute proof of service, and the court should therefore decline to dismiss the complaint for insufficiency of process.

**B. PERSONAL JURISDICTION**

Mr. DiCamillo contends that the court lacks personal jurisdiction over him because he has never visited Washington State, he merely acted in the film "CKY3," he did not appear in the scenes depicting the battery, and the scenes in which he acted were not filmed in Washington. Mr. DiCamillo contends that these activities do not constitute the requisite contacts with the state in order for Washington's long arm statute to apply to him. The plaintiffs respond by contending that Mr. DiCamillo has purposefully availed himself of the benefits of conducting activities in Washington, that the claim arises from Mr. DiCamillo's forum-related activities, and that exercise of jurisdiction over him would be reasonable.

The plaintiffs contend that the basis for exercising personal jurisdiction over Mr. DiCamillo is his involvement with "CKY3." There is conflicting evidence about Mr. DiCamillo's involvement in the making of the film depicting the alleged battery of the plaintiffs. Mr. DiCamillo contends that he was merely an actor and that he was not in the portion of the film depicting the battery. Dkt. 18-3. In their response, the plaintiffs contend that Mr. DiCamillo was a writer for the film and was identified as such in the jacket of the DVD and in the film's credits. Dkt. 25 at 6.

ORDER
Page - 4

The plaintiffs also contend that Mr. DiCamillo's sworn affidavit is unworthy of belief because "his factual assertions to this court have, prior to this present occasion, twice been inaccurate by his own admission. First, Mr. DiCamillo admits that he mistakenly asserted to this court that he was served with original process. Second, he admits that he mistakenly asserted that he was served on July 18th rather than the 15th." Dkt. 25 at 5. The plaintiffs urge the court to resolve this dispute in their favor, contending that such disputes must be resolved in the light most favorable to the plaintiff. Dkt. 25 at 6. That is a standard of appellate review and is inapplicable here. *See, e.g., AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

In order to establish personal jurisdiction over Mr. DiCamillo, the plaintiffs must offer evidence amounting to a prima facie showing that jurisdiction would be proper. *AT&T*, 94 F.3d at 588. The plaintiffs' offer of the DVD's contents and packaging is insufficient. The film and the DVD jacket make assertions about who wrote the film, but these assertions are unsworn and constitute hearsay under the definition set forth in Evidence Rule 801. This evidence, even when coupled with the argument that Mr. DiCamillo lacks credibility, is insufficient to constitute a prima facie showing that the exercise of personal jurisdiction over the defendant would be proper. Moreover, this evidence is rebutted by Mr. DiCamillo's sworn affidavit . Mr. DiCamillo's involvement in the film as an actor in scenes that were filmed outside of Washington and did not involve the plaintiffs is insufficient to support the exercise of personal jurisdiction over him, notwithstanding the fact that Mr. DiCamillo was properly served. Because the plaintiffs have failed to meet their burden to present a prima facie showing of personal jurisdiction, the court should grant the motion to dismiss.

### III. ORDER

Therefore, it is hereby

**ORDERED** that the Defendant's Motion to Dismiss Amended Complaint of Brandon DiCamillo Pursuant to FRCP 12(B)(2) and 12(B)(5) (Dkt. 18-1) is **GRANTED**, and defendant Brandon DiCamillo is dismissed from this case.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 28th day of October, 2005.

*Robert J. Bryan*
Robert J. Bryan
U.S. District Judge