1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOM SAYERS, and ADAM DAILEY,

Plaintiffs,

v.

BAM MARGERA, INC., a foreign corporation; BAM MARGERA, an individual; and MIKE VALLELY, an individual,

Defendants.

Case No. C05-5541RJB

ORDER GRANTING PLAINTIFFS' MOTION TO AMEND PLEADING TO JOIN ADDITIONAL PARTY

This matter comes before the court on the Plaintiffs' Motion to Amend Pleading to Join Additional Party (Dkt. 46). The court has considered the pleadings filed in support of the motion and the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The allegations in this suit stem from a physical altercation between the plaintiffs and defendant Mike Vallely. Dkt. 15 at 1. The amended complaint contends that the alleged battery was filmed and featured in CKY 3, a film written by defendants Bam Margera and Brandon DiCamillo and edited and produced by Mr. Margera. *Id.* at 2.

On August 17, 2005, defendants Bam Margera, Inc., Mr. Margera, and Mr. DiCamillo filed a notice of removal. Dkt. 17. Mr. Margera recalls the date of filming as May 30, 2001, or May 31, 2001. Dkt. 19-3. The plaintiffs were unaware of Mr. Margera's presence at the time and of the fact that he was filming the altercation. Dkt. 32, 33. The plaintiffs contend that they did not consent to the use of

1   their identities and likeness in the movie, which plaintiffs contend Mr. Vallely published in

2   Washington, the United States, and internationally. *Id.* The plaintiffs originally brought suit against

3   Bam Margera, Inc., Mr. Margera, Mr. DiCamillo and Mr. Vallely, bringing claims for battery, invasion

4   of privacy, outrage, and negligent infliction of emotional distress against the first three defendants.

5   Dkt. 1 at 8. On September 7, 2005, the plaintiffs amended their complaint to include claims against

6   Mr. Vallely for invasion of privacy and outrage. Dkt. 15. Mr. DiCamillo has since been dismissed from

7   the case. Dkt. 40.

8          The plaintiffs now move for leave to file a second amended complaint adding Mike V.

9   Incorporated. Dkt. 46. The plaintiffs seek to assert their battery, invasion of right to privacy, and

10  outrage claims against Mike V. Incorporated. *Id.*

11                                     **II. DISCUSSION**

12         A "plaintiff's petition to amend its pleadings to add . . . a party defendant brings into

13  consideration Rules 15 and 20 of the Federal Rules." *Desert Empire Bank v. Insurance Co.*, 623 F.2d

14  1371, 1374 (9th Cir. 1980). Federal Rule 15 provides as follows:

15         A party may amend the party's pleading once as a matter of course at any time before a
           responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by
16         leave of court or by written consent of the adverse party; and leave shall be freely given when
           justice so requires.

17

18  Fed. R. Civ. Pro. 15(a). It appears that the plaintiffs have been unable to secure the written consent of

19  the defendants and therefore seek leave of the court to amend their complaint.

20         Federal Rule 20 provides for the permissive joinder of parties if the plaintiffs assert "any right

21  to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or

22  occurrences and if any question of law or fact common to all defendants will arise in the action." Fed.

23  R. Civ. Pro. 20(a). These rules afford the court discretion, and "courts have shown a strong liberality

24  in allowing parties to amend their pleadings when such amendments have satisfied the explicit

25  requirements of the rules." *Id.* at 1375-76. If the explicit requirements are satisfied, the court considers

26  several factors before determining whether to grant leave to amend. *Desert Empire Bank v. Insurance*

27  *Co.*, 623 F.2d 1371, 1375 (9th 1980).

28         Both explicit requirements are met in this case. The transaction or occurrence at issue is the

alleged battery of the plaintiffs by Mike Vallely and the attendant filming and publication of the battery. The common questions of law and fact include whether Mr. Vallely committed a battery of the plaintiffs; to what extent, if any, Mr. Vallely's co-defendants are liable for such battery; the extent to which the defendants were involved in the filming and publicizing of the event and whether such involvement amounts to outrage or to an invasion of the plaintiff's right to privacy. *See* Dkt. 46-3.

The plaintiffs having satisfied the specific requirements of Rules 15 and 20, the court must now consider the following factors:

> the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action.

*Desert Empire Bank v. Insurance Co.*, 623 F.2d at 1375. First, the defendants have not opposed the motion and do not contend that they will be prejudiced by the addition of the Mike V. Incorporated as a defendant. Second, there is no indication that the plaintiffs delayed in seeking to amend the complaint. The fact that the motion to amend was filed before the January 21, 2006, deadline for filing motions to join additional parties is relevant to this factor. *See* Dkt. 44. Third, the motive of the plaintiffs in seeking to amend the complaint does not appear to be improper, and the defendants have made no such allegation. Fourth, the relationship between the new and old parties can be characterized as close. The amended complaint names Mr. Vallely as a defendant. Dkt. 15. Mr. Vallely is listed as the agent for service of process for Mike V. Incorporated. Dkt. 46-2. He is also believed to be the corporation's principal shareholder. *Id*. Fifth, adding Mike V. Incorporated would not disturb the court's diversity jurisdiction. Mike V. Incorporated appears to be a citizen of California, and both plaintiffs appear to be citizens of Washington. *See* Dkt. 46-3. Finally, the new party should reasonably have notice of this action by virtue of its connection to Mr. Vallely and his status as a defendant in this case. The court should therefore permit the plaintiffs to amend the complaint to join Mike V. Incorporated as a defendant.

1     The court notes that the plaintiffs have filed a proposed Second Amended Complaint for

2 Damages. Dkt. 46-3. This document fails to set forth "a short and plain statement of the grounds upon

3 which the court's jurisdiction depends" as required by Federal Rule 8 and erroneously refers to Mr.

4 DiCamillo, who has been dismissed from this case. *See* Fed. R. Civ. P. 8(a)(1); Dkt. 40. The plaintiffs

5 are advised to cure these deficiencies before filing a second amended complaint.

6 **III. ORDER**

7     Therefore, it is hereby

8

9     **ORDERED** that Plaintiffs' Motion to Amend Pleading to Join Additional Party (Dkt. 46)

10 **GRANTED**.

11     The Clerk is directed to send uncertified copies of this Order to all counsel of record and to

12 any party appearing *pro se* at said party's last known address.

13     DATED this 26th day of January, 2006.

14

15

16     Robert J. Bryan

17     U.S. District Judge

18

19

20

21

22

23

24

25

26

27

28