UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOM SAYERS and ADAM DAILEY,<br><br>    Plaintiffs,<br><br>    v.<br><br>BAM MARGERA, BAM MARGERA, INC., MIKE VALLELY, and MIKE V. INCORPORATED,<br><br>    Defendants. | Case No.  C05-5541RJB<br><br>ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND DEFENDANTS' MOTION FOR PROTECTIVE ORDER |

    This matter comes before the Court on Plaintiffs' Motion for Sanctions Against Defendants Bam Margera and Bam Margera, Inc., Dkt. 54-1, and Defendants' Motion of Bam Margera and Bam Margera, Inc. For Protective Order Relating to Discovery Concerning Moving Defendants' Revenues, Dkt. 56-1. The Court, having reviewed the motions, responses, supporting documents, and record herein, finds the motions to involve the same matter and will consider them simultaneously.

FACTUAL BACKGROUND

    Plaintiffs claim several injuries arising from Defendants' conduct related to an altercation involving Plaintiffs and Defendant Vallely outside a bar, Defendant Margera's filming of that altercation, and Defendants' commercial distribution of the resultant film ("CKY3").  Plaintiffs seek damages for battery, outrage, invasion of their privacy, and negligent and intentional emotional distress.  Dkt. 54-1 at 1-2.  With respect to their invasion of privacy claim, Plaintiffs intend to submit Defendants' profits from the release of CKY3 as part of their proof of damages.  Dkt. 54-1 at 2.

Despite Plaintiffs' three attempts to elicit responses to their initial interrogatories and requests for production, Defendants did not respond to these interrogatories and Plaintiffs moved for an order compelling discovery and granting sanctions. Dkt. 51. It is relevant to note that these interrogatories included specific questions regarding Defendants' revenues and costs from CKY3. Dkt. 54-1 at 2. Defendants did not respond to this motion and the Court granted the order on April 5, 2006. Dkt. 52.

Plaintiffs now allege that Defendants have still failed to completely disclose all evidence of CKY3 revenues and costs. Dkt. 54-1 at 3-4. In response, Defendants argue that Defendant Margera's father has this information, that CKY3 was for some time released as part of a boxed-set of three videos, and that Defendant Margera had to give some portion of his revenues to other persons. Also, Defendants argue that they should not have to disclose this information because they believe Plaintiffs' claims are without merit and that the revenues are irrelevant to their claims. Dkt. 55-1 at 2. Additionally, Defendants moved for a protective order preventing Plaintiffs from obtaining Defendants' revenue and cost information due to the alleged lack of merit of Plaintiffs' claims and the alleged irrelevance of the revenues and costs to Plaintiffs' claims. Dkt. 56-2 at 5.

## DISCUSSION

**1. Relevance of the Revenue and Expense Information**

Evidence of Defendants' revenues from CKY3 may be relevant to Plaintiffs' claims and this information is within the permitted scope of discovery. Fed. R. Civ. P. 26(b)(1) permits discovery on "any matter, not privileged, that is relevant to the claim or defense of any party... Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Plaintiffs argue that they will use evidence of Defendants' revenues to prove their invasion of privacy claim. Dkt. 54-1 at 2. In response, Defendants argue that Plaintiffs' claims are without merit and that "any damages that plaintiffs suffered... are totally unrelated to moving defendants' revenues." Dkt. 56-2 at 5. The Court concludes that evidence of Defendants' revenues is sufficiently relevant and reasonably calculated to lead to admissible evidence regarding Plaintiffs damages. At this point, discovery is warranted on this matter.

**2. Merit of Plaintiffs' Claims**

Defendants' argument that their belief in the lack of merit behind Plaintiffs' claims grants them leave to not comply with discovery requirements incorrectly confuses the discovery and summary judgment

ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS AND DEFENDANTS' MOTION FOR PROTECTIVE ORDER
Page - 2

processes. Rule 26 is concerned only with whether discovery is likely to lead to admissible evidence. Nothing in the rule permits a party to argue that it need not produce discoverable evidence because it believes the claims are without merit; the party prevents such discovery by first obtaining summary judgment on the underlying claims. Defendants are free to file such a motion, but until this Court rules on such a motion, Rule 26 and this Court's order of April 5, 2006, Dkt. 52, require Defendants to comply with this request.

**3. Defendants' Ability to Produce the Relevant Information**

Defendants' arguments that they cannot readily provide the revenue and expense information fail to state sufficient grounds warranting a limitation on discovery of this information. Fed. R. Civ. P. 26(b)(2) limits discovery from including information that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Defendants have not met this burden and cannot limit discovery on these grounds.

Defendants argue that they do not have to produce the information because, essentially, the information is not readily packaged for convenient delivery to Plaintiffs. Defendants argue that Bam Margera's father, Phil Margera, keeps the books for Bam Margera and Bam Margera, Inc., and that (at least after 2003) CKY3 revenues are commingled with other movies sold as a boxed-set. These arguments fail to state any valid reason why Defendants cannot produce the information in question. On the former argument, Bam Margera and/or Bam Margera, Inc. presumably paid taxes on its profits from the sale of CKY3. On the latter argument, Defendants present no argument why they cannot give the box set revenue information to Plaintiffs and even imply that they might deliver this information if Plaintiffs ask a different interrogatory question. Dkt. 55-1 at 4. Plaintiffs should not be precluded from obtaining evidence of revenue related to the CKY3 incident at issue because Defendants choose to package the incident along with other material. The Court finds no merit in Defendants' argument. The parties should be forthright and courteous in discovery and must comply with discovery requirements and court orders.

**4. Defendants' Motion for a Protective Order**

Defendants have not shown sufficient cause to obtain a protective order barring discovery of their revenue and expense information relating to CKY3. Fed. R. Civ. P. 26(g) permits the Court to issue such an order, but only where the moving party shows good cause to do so (e.g. the information involves a "trade secret or other confidential research, development, or commercial information"). Defendants have

1  made no argument of good cause to issue a protective order; again, they base their request on relevance
2  and the underlying merit of the claims.  Not only do these arguments not establish grounds for a protective
3  order, they do not provide Defendants with grounds to prevent wholly permissible discovery.

4                                             CONCLUSION

5         For these reasons, Defendants' Motion for Protective Order Relating to Discovery Concerning
6  Moving Defendants' Revenues, Dkt. 56-1, is hereby DENIED.  Also, the Court finds that sanctions against
7  Defendants are not warranted at this time.  Accordingly, Plaintiffs' Motion for Sanctions Against
8  Defendants Bam Margera and Bam Margera, Inc., Dkt. 54-1, is hereby DENIED without prejudice.
9  Nevertheless, the Court ORDERS Defendants to provide the revenue and expense information Plaintiffs
10 seek no later than ten days from the date of this order.  While sanctions are not presently warranted,
11 Plaintiffs are not precluded from seeking them should Defendants fail to comply with this order.
12 Additionally, Defendants' response is to include all revenues and expenses from CKY3, from any time
13 period in which the film was sold in any form, regardless of Defendants' accounting system or how CKY3
14 was packaged.  Finally, as this seven day period will extend beyond the May 15 discovery cutoff, this order
15 only extends discovery as to this particular matter.  Defendants are ordered to provide this information
16 either as a written response or through appropriate business records.

17        The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any
18 party appearing *pro se* at said party's last known address.

19        DATED this 15th day of May, 2006.

                                            *Robert J. Bryan* (signature)
                                            Robert J. Bryan
                                            United States District Judge