UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOM SAYERS and ADAM DAILEY,<br><br>Plaintiffs,<br><br>v.<br><br>BAM MARGERA, BAM MARGERA, INC., MIKE VALLELY, and MIKE V. INCORPORATED,<br><br>Defendants. | Case No. C05-5541RJB<br><br>ORDER ON THE PARTIES' MOTIONS TO EXCLUDE EXPERT WITNESSES |

This matter comes before the Court on Plaintiffs' Motion in Limine to Exclude Defendant Bam Margera and Bam Margera, Inc.'s Expert Witnesses, Dkt. 61-1, and Defendant Bam Margera and Bam Margera, Inc.'s Motion to Preclude Plaintiffs from Presenting Expert Witnesses, Dkt. 63-1. The Court, having reviewed the motions, responses, supporting documents, and record herein, finds the motions to involve the same matter and will consider them simultaneously.

As this Court noted in its previous order, Dkt. 60, despite Plaintiffs' three attempts to elicit responses to their initial interrogatories and requests for production, Defendants did not respond to these interrogatories and Plaintiffs moved for an order compelling discovery and granting sanctions. Dkt. 51. It is relevant to note that these interrogatories included specific questions regarding Defendants' revenues and costs from CKY3. Dkt. 54-1 at 2. Defendants did not respond to the motion and the Court granted the order on April 5, 2006. Dkt. 52.

1    Following Plaintiffs' motion for sanctions for failure to produce the financial information, Dkt. 54,
2 and Defendants' motion for protective order, Dkt. 56, the Court ordered Defendants "to provide the
3 revenue and expense information Plaintiffs seek no later than [May 25, 2006]." Dkt. 60 at 4. The Court
4 denied sanctions, but ordered that Defendants' response "include all revenues and expenses from CKY3,
5 from any time period in which the film was sold in any form, regardless of Defendants' accounting system
6 or how CKY3 was packaged." *Id*. at 4. Also, the Court's order allowed extended discovery as to this
7 limited matter. *Id*. at 4.

8    On 18 May, 2006, Plaintiffs moved to exclude Defendants' expert witnesses on the basis that they
9 were not timely identified, that permitting their testimony would be prejudicial, and that the witnesses
10 allegedly are direct experts and not rebuttal experts. Dkt. 61-1. In response, Defendants moved to
11 exclude Plaintiff's expert witnesses because Plaintiffs did not provide the experts' written reports according
12 to Fed. R. Civ. P. 26(a)(2) and Defendants thus could not prepare their rebuttal experts' reports. Dkt. 63-
13 1. Plaintiff replied that their experts could not prepare reports without the defendants' delinquent
14 discovery (Dkt. 67).

15    The matters raised by these motions are unnecessary complications of this case and are wasting the
16 time of both Court and counsel. A more important inquiry is whether expert testimony is appropriate or
17 necessary at all in this case. Based on the current contents of the file, it appears likely that each side can
18 adequately present the case without expert testimony. Additionally, it is questionable at this point whether
19 any or all experts will meet the admissibility requirements of the Rules of Evidence and *Daubert v. Merrell*
20 *Dow Pharmaceuticals, Inc.*, 509 U.S. 599 (1993), and *Kumho Tire v. Charmichael*, 526 U.S. 137 (1998).
21

22    In any event, the root cause of the current dispute appears to be Defendants' continued
23 unwillingness to produce the financial information previously and repeatedly ordered disclosed. *See* Dkt.
24 60. *See also* Dkt. 67-1 ("On May 15, 2006, this court ordered defendants to disclose financial information
25 within ten days. Plaintiffs still have not received it all."). No motion is before the Court at this time in
26 regard to this omission, but further sanctions may be warranted for this apparent failure to comply with
27 court orders.
28

1  The parties are expected to act in accordance with the Federal Rules of Civil Procedure regarding
2  expert testimony and discovery. Both parties claim they are unable to prepare their expert reports and
3  disclosures due to some omission of the other party, but both parties could have done more to identify
4  experts and prepare reports and the parties could have requested extensions on unresolved matters as
5  necessary. The blanket exclusion of expert witnesses requested by the parties is not called for at this time,
6  based on the showings made.

7  Accordingly, Plaintiffs' Motion in Limine to Exclude Defendant Bam Margera and Bam Margera,
8  Inc's Expert Witnesses, Dkt. 61-1, is DENIED without prejudice. Defendant's Motion to Preclude
9  Plaintiffs from Presenting Expert Witnesses, Dkt. 63-1, is DENIED without prejudice. The Court hereby
10 ORDERS each party to provide expert reports per Fed. R. Civ. P. 26(a)(2) to the fullest extent possible
11 with the information the parties have available at this time within ten days of this order. Also, while the
12 parties may not identify additional, previously unnamed expert witnesses, the parties may depose expert
13 witnesses as necessary if and when final experts reports are filed.

14 The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any
15 party appearing *pro se* at said party's last known address.

16 DATED this 14th day of June, 2006.

*[signature: Robert J. Bryan]*

Robert J. Bryan
United States District Judge