1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOM SAYERS and ADAM DAILEY,

               Plaintiffs,

       v.

BAM MARGERA, BAM MARGERA, INC.,
MIKE VALLELY, and MIKE V.
INCORPORATED,

               Defendants.

Case No.  C05-5541 RJB

**ORDER DENYING
DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT**

     This matter comes before the Court on Defendants' Motions for Summary Judgment.  Dkt. 71 &
75.  The Court has considered the pleadings filed in support of and in opposition to the motions and the
file herein.

## PROCEDURAL AND FACTUAL HISTORY

     This dispute arose from a physical altercation that occurred on June 1, 2001 in a public parking
lot in Seattle, Washington.  Dkt. 71 at 2.  According to Plaintiffs' Complaint, Defendant Mike Vallely
committed the tort of battery when he shoved and punched both plaintiffs.   Dkt. 49 at 2.  Plaintiffs
contend that the incident was filmed without their knowledge by Defendant Bam Margera, who later
included the video footage in a movie titled CKY 3 in a segment titled "Mike Vallely vs. 4 Random
Ocks."  *Id.*  Plaintiffs further contend that the fight was staged by Defendants Vallely and Margera in
order to capture Defendant Vallely fighting with someone on camera for use in one of Defendant
Margera's movies.  *Id.*  Plaintiffs also contend that they did not give their consent for Defendants to

1   use their identities and likenesses in the publication.  *Id.*

2          On June 29, 2005, Plaintiffs filed an action in the Superior Court for the State of Washington,

3   which was removed to federal court on August 17, 2005.  Dkt. 1.  On February 3, 2006, Plaintiffs

4   filed a Second Amended Complaint alleging the following claims against Defendants: (1) battery, (2)

5   invasion of privacy, (3) outrage, and (4) negligent infliction of emotional distress.  Dkt. 49 at 2-3.

6   Plaintiffs have since withdrawn their claim for negligent infliction of emotional distress.  Dkt. 82 at 14.

7   The other three claims are still pending in this action.  Trial is scheduled for September 18, 2006.  Dkt.

8   91.

9          On June 12, 2006, Defendants Mike Vallely and Mike V. Incorporated filed a Motion for

10  Summary Judgment, seeking to have all claims against them dismissed as a matter of law.  Dkt. 71.

11  On June 13, 2006, Defendants Bam Margera and Bam Margera, Inc. also filed a Motion for Summary

12  Judgment, seeking to have all claims against them dismissed as a matter of law.  Dkt. 75.  The Court

13  will answer both of these motions in this opinion.

14                          **SUMMARY JUDGMENT STANDARD**

15         Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and

16  admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

17  material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

18  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a

19  sufficient showing on an essential element of a claim in the case on which the nonmoving party has the

20  burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of

21  fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the

22  non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)

23  (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical

24  doubt.").  *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if

25  there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve

26  the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W.*

27  *Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

28         The determination of the existence of a material fact is often a close question.  The court must

1    consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a

2    preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*,

3    809 F.2d at 630.  The court must resolve any factual issues of controversy in favor of the nonmoving

4    party only when the facts specifically attested by that party contradict facts specifically attested by the

5    moving party.  The nonmoving party may not merely state that it will discredit the moving party's

6    evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elec.*

7    *Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).  Conclusory, non specific statements in

8    affidavits are not sufficient, and missing facts will not be presumed.  *Lujan v. Nat'l Wildlife Fed'n*,

9    497 U.S. 871, 888-89 (1990).

10                                        **<u>DISCUSSION</u>**

11           Defendants have advanced many arguments in support of having the claims against them

12   dismissed as a matter of law.  In support of their Motions for Summary Judgment, Defendants have

13   submitted a DVD containing the video footage of the altercation in question.  The Court has carefully

14   reviewed the video, affidavits and record, and will discuss Defendants' arguments in turn as follows:

15   **A.       BATTERY AND THE STATUTE OF LIMITATIONS**

16           Defendants contend that the two-year statute of limitations has lapsed for filing a battery claim

17   against them, and that Plaintiffs' claims are therefore barred as untimely as a matter of law.  *See* RCW

18   4.16.100.  The altercation in question occurred on June 1, 2001.  Plaintiffs, however, did not file this

19   action until approximately four years later on June 29, 2005.  Plaintiffs argue that the statute of

20   limitations should be tolled under the discovery rule because (1) Defendant Vallely did not identify

21   himself at the time of the alleged battery, (2) Defendant Vallely left the scene immediately following

22   the alleged battery, and (3) Plaintiffs could not have known Defendant Vallely's identity until they

23   viewed the video CKY 3 in May 2005.  Dkt. 81 at 3-5.  Defendants in turn argue that Plaintiffs failed

24   to exercise reasonable diligence in ascertaining Defendant Vallely's identity, and therefore the

25   discovery rule should not apply.  The video was released on February 12, 2002.

26           Regardless of the merits of Plaintiffs' battery claims, whether they can advance past a motion

27   for summary judgment depends upon on the statutes of limitations and the discovery rule.  Plaintiffs

28   argue that they did not know–and could not have known–of Defendant Vallely's identity until May

1    2005 when Plaintiffs viewed the video tape for the first time.

2           Washington State has a two-year statute of limitations for battery.  *See* RCW 4.16.100.  The

3    discovery rule upon which Plaintiffs rely has been explained as follows:

4           The general rule in ordinary personal injury actions is that a cause of action accrues at
            the time the act or omission occurs.  In certain torts, injured parties do not, or cannot,
5           know they have been injured; in those cases, a cause of action accrues at the time the
            plaintiff knew or should have known of all the essential elements of the cause of action.
6           This is an exception to the general rule and is known as the "discovery rule."

7    *Estate of Hibbard v. Gordon Thomas Honeywell*, 118 Wn.2d 737, 744-45 (1992).

8           Under Washington law, when a defendant moves for summary judgment on the basis of an

9    affirmative defense such as the appropriate statute of limitations, the defendant bears the initial burden

10   of proving the absence of an issue of material fact as to that defense.  *Haslund v. City of Seattle*, 86

11   Wash.2d 607, 621 (1976).  When, however, a plaintiff invokes the discovery rule to counter the

12   statute of limitations defense, the burden is also on the plaintiff to show that facts constituting the

13   cause of action were not discovered or could not have been discovered by due diligence within the

14   limitations period.  *G.W. Const. Corp. v. Prof'l Serv. Indus., Inc.*, 70 Wash. App. 360, 367 (1993);

15   *Giraud v. Quincy Farm and Chem.*, 102 Wash. App. 443, 449-50 (2000) ("to invoke the discovery

16   rule, the plaintiff must show that he or she could not have discovered the relevant facts earlier.").

17   Under the discovery rule, a cause of action accrues only when the claimant knew or should have

18   known the essential elements of the cause of action.  *Allen v. State*, 118 Wn.2d 753, 758 (1992).

19          Because the identity of an alleged assailant is an essential element of a battery claim in the

20   State of Washington, *Bresina v. Ace Paving Co.*, 89 Wn.App. 277, 282 (1997), the relevant inquiry

21   into the statute of limitations defense is to determine whether Plaintiffs knew of Defendant Vallely's

22   identity, or should have known of his identity through the exercise of due diligence.  Ordinarily, this is

23   a question of fact for the jury.  *Samuelson v. Community College Dist. No. 2*, 75 Wn.App. 340, 346

24   (1994) *review denied*, 125 Wn.2d 1023 (1995); *Orear v. Int'l Paint Co.*, 59 Wn.App. 249, 257 (1990)

25   *review denied*, 116 Wn.2d 1024 (1991).  Statute of limitations questions often involve questions of

26   fact, *Green v. A.P.C.*, 136 Wash.2d 87, 100 (1998), and such factual questions may be decided as a

27   matter of summary judgment only if "reasonable minds can reach but one conclusion on them."  *Allen*

28   *v. State*, 118 Wn.2d at 760.

1    In the instant case, Plaintiffs rely upon *Orear v. Int'l Paint Co.*, 59 Wn. App. 249, 257 (1990),

2    a products liability case.  In *Orear*, the court held that "knowledge or imputed knowledge of a

3    particular defendant's identity is necessary for the plaintiff's cause of action against that defendant to

4    accrue ..." *Id.* at 255.  "Thus, the justification for the discovery rule as applied to unknown injury

5    applies with equal force to unknown defendants." *Id.* at 257.  In *Orear*, the court reversed the

6    summary judgment obtained by the defendant because the question of when the plaintiff knew or

7    should have known the defendant's identity presented an issue of material fact for the jury to

8    determine. *Id.*

9        The court is mindful that the instant case is not a products liability case, but rather a battery

10    case.  However, the same public policy behind the discovery rule applies in both situations, that is,

11    preventing manifest injustice by tolling the statute of limitations when a plaintiff did not and should not

12    have known the identity of the defendant.  Plaintiffs in this case have supplied a great deal of

13    circumstantial evidence in support of their claim that they did not know and should not have known

14    the defendant's identity, including evidence that suggests: (1) Defendant did not identify himself at the

15    scene, (2) Defendant left the scene immediately after the incident, (3) Defendant was visiting Seattle

16    on a skateboarding tour and left Seattle immediately following the incident, and (4) the video

17    identified Defendant in its credits.  Under the circumstances, the Court declines to rule as a matter of

18    law that Plaintiffs knew Defendant Vallely's identity, or should have known his identity through the

19    exercise of due diligence, but rather defers these questions to the jury.

20    **B.    CONSPIRACY TO COMMIT BATTERY**

21        Defendant Margera contends that the battery claim against him should be dismissed as a matter

22    of law because Plaintiffs have failed to provide any evidence showing the existence of a conspiracy

23    and/or that Defendants acted in concert.  Washington State law requires that joint tortfeasors act in

24    concert in order to be liable for the same tort.  This applies to intentional torts as well as torts based

25    on negligence.  *Moen v. Island Steel Erectors, Inc.*, 75 Wn. App. 480, 486 (1994) *reversed on other*

26    *grounds* 128 Wn.2d 745 (1996).  Intentional tortfeasors act in concert when "the actors consciously

27    act together in an unlawful manner." *Id.*

28        An action for civil conspiracy lies when there is an agreement by two or more persons to

accomplish an unlawful purpose. *Corbit v. J. I. Case Co.*, 70 Wn.2d 522, 528 (1967); *All Star Gas, Inc. of Washington v. Bechard*, 100 Wn. App. 732, 740 (2000). Circumstantial evidence may support the finding of a conspiracy, but mere suspicion is not sufficient. *Id.* To constitute a conspiracy, the circumstances must be inconsistent with a lawful or honest purpose and reasonably consistent with the existence of the conspiracy. *Id.* Civil conspiracy does not necessarily encompass or apply as to all of the verbal or physical actions of parties who, by happenstance, are interested in the same general subject matter. *Id.*

In the instant case, when the evidence on the record is construed in a light most favorable to Plaintiffs, there is adequate direct and circumstantial evidence to support their battery claim against Defendant Margera. First, Defendant Vallely's testimony can be reasonably interpreted to support Plaintiffs' claim for conspiracy, such as his comment that Defendant Margera once suggested they start a fight so they could video tape it. Dkt. 82 at 6. Second, the circumstantial evidence can also be interpreted to support Plaintiffs' claim, such as Defendant Vallely pulling off his shirt in the video before engaging in the altercation, the camera angle, and the fact that Defendant Vallely initiated contact with Plaintiffs in the parking lot. *Id.* In short, far too many issue of fact remain for the Court to dismiss this claim as a matter of law. The Court therefore declines to do so, but rather defers these issues to the jury.

## C.   INVASION OF PRIVACY

Plaintiffs have alleged invasion of privacy as one of their claims against Defendants. In *Reid v. Pierce County*, 136 Wn.2d 195, 206 (1998), the Supreme Court of Washington confirmed that the common law right of privacy exists in Washington. Under the common law, the tort of invasion of privacy consists of four theories: (1) intrusion, (2) public disclosure, (3) false light, and (4) appropriation. *Eastwood v. Cascade Broadcasting Co.*, 106 Wn.2d 466, 469 (1986). These four privacy torts are related in that "each involves interference with the interest of the individual in leading, to some reasonable extent, a secluded and private life, free from the prying eyes, ears and publications of others." *Id.* (quoting Restatement (Second) of Torts § 652A, comment b, at 377 (1977)). An action based on invasion of privacy is separate and distinct from a defamation action. *Eastwood*, 106 Wn.2d at 469.

1    "A false light claim arises when someone publicizes a matter that placed another in a false light

2    if (a) the false light would be highly offensive to a reasonable person, and (b) the actor knew or

3    recklessly disregarded the falsity of the publication and the false light in which the other would be

4    placed." *Id.* at 470-71.  "A plaintiff need not be defamed to bring a false light action.  It is enough

5    that he is given unreasonable and highly objectionable publicity that attributes to him characteristics,

6    conduct or beliefs that are false, and so placed before the public in a false position." *Id.* at 471.

7        In their Motion for Summary Judgment, Defendants contend that Plaintiffs have no cause of

8    action for right of privacy and commercial appropriation of likeness because the incident in question

9    occurred in a public setting and was newsworthy, and the use of Plaintiffs' likeness was de minimis or

10   incidental.  Plaintiffs in turn argue, among other things, that (1) the commentary featured with the

11   video placed them in a false light by portraying them as the aggressors, (2) that the incident was not

12   newsworthy, and (3) the normal constitutional protections do not apply when video footage is

13   unlawfully obtained by conspiracy to commit battery.  The Court finds that the record, when taken in a

14   light most favorable to Plaintiffs, provides enough support at this stage in the proceedings to allow

15   these claims to advance to a jury.  There are far too many questions of fact surrounding what

16   happened on the evening in question for the Court to say as a matter of law that Plaintiffs claims have

17   no merit.  Therefore, Defendants' Motion for Summary Judgment should be denied with regard to the

18   invasion of privacy claims.

19   **D.    OUTRAGE**

20       Plaintiffs have also alleged a claim of outrage against Defendants.  Defendants in turn argue

21   that Plaintiffs have failed to show any manifest symptoms of stress, and therefore their claim should be

22   dismissed as a matter of law.  The required elements of an outrage claim are "(1) extreme and

23   outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to

24   the plaintiff of severe emotional distress." *Birklid v. Boeing Co.*, 127 Wn.2d 853, 867 (1995)

25   (quoting *Dicones v. State*, 113 Wn.2d 613, 630 (1989)).  The alleged conduct must be "so outrageous

26   in character, and so extreme in degree, as to go beyond all possible bounds of decency and be

27   regarded as atrocious, and utterly intolerable in a civilized community." *Birklid*, 127 Wn.2d at 867;

28   *Grimsby v. Samson*, 85 Wn.2d 52, 59 (1997).  Whether the conduct is sufficiently outrageous may be

in certain circumstances a question for the jury.  However, the court initially determines if reasonable

minds could differ on whether the conduct was sufficiently extreme to result in liability.  *Phillips v.*

*Hardwick*, 29 Wn. App. 382, 287 (1981).

       With regard to severe emotional distress, the Supreme Court of Washington stated in *Kloepfel*

*v. Bokor*, 149 Wn.2d 192, 198 (2003) that "objective symptomology is not required to establish

intentional infliction of emotional distress."  The court reasoned as follows:

> Unlike causes of action based on negligence, a plaintiff claiming intentional infliction of
> emotional distress must show extreme and outrageous conduct intended to cause (or
> reckless disregarding) emotional distress to the plaintiff.  Once these have been shown,
> it can be fairly presumed that severe emotional distress was suffered ... the restatement
> comments leave no doubt it is the conduct rather than the degree of distress which
> primarily limits claims for intentional infliction of emotional distress.

*Id.* at 201-02.

       In the instant case, Plaintiffs have alleged that Defendants acted together to commit the tort of

intentional battery, and to film the incident for commercial use.  If a jury finds this claim to be true, it

could also reasonably find under the circumstances that Plaintiffs' claims of outrage are justified.

Defendants argument that Plaintiffs have failed to show any manifest symptoms of stress is not

persuasive given the above case law, and the Court declines to rule as a matter of law that the facts in

this case cannot support Plaintiffs' claim of outrage.  Therefore, this claim must advance to the next

stage, and Defendants' Motion for Summary Judgment should be denied.

## ORDER

       Therefore, it is hereby

       **ORDERED** that Defendants' Motions for Summary Judgment (Dkt. 71 & 75) are **DENIED**.

       The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of

record and to any party appearing *pro se* at said party's last known address.

       DATED this 1st day of August, 2006.

Robert J. Bryan
United States District Judge

ORDER
Page - 8