UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOM SAYERS and ADAM DAILEY,

    Plaintiffs,

    v.

BAM MARGERA, BAM MARGERA, INC., MIKE VALLELY, and MIKE V. INCORPORATED,

    Defendants.

Case No.  C05-5541 RJB

**ORDER ON MOTIONS IN LIMINE**

This matter comes before the Court on the various motions in limine filed by the parties, including Docket Nos. 97, 98, 99, 100, 101, 102, and 103.  The court is fully advised and now makes the following rulings.

Preliminarily, the parties should note that denial of a motion in limine does not necessarily mean that the evidence in question is admissible.  The court cannot definitively rule on some of the motions in limine filed at this time.

<u>Docket No. 97 regarding expert reports and/or testimony</u>.  The court will hear brief oral argument on this motion at the time of the pretrial conference.  The parties should note that the court does not have the expert reports mentioned in the motion.

<u>Docket No. 98 regarding portions of "CKY3" and "Mike V.'s Greatest Hits."</u>  While it appears clear that some of the challenged evidence will be admissible to put the events complained of in context, the court cannot, at this point, definitively rule on what should come in and what should be excluded.  Therefore, the motion should be DENIED without prejudice.

<u>Docket No. 99 regarding tape of Viva La Bam episode.</u>  The court does not have a clear understanding of exactly what this motion in limine covers or the relevance of the evidence at issue.  The parties may address this motion at the pretrial conference.

<u>Docket No. 100 regarding evidence of common law appropriation of likeness.</u>  Plaintiffs did not respond to this motion, and it appears that RCW 63.60.060 covers plaintiffs' claim.  Accordingly, and pursuant to Western District of Washington Local Civil Rule 7(b)(2), the motion is GRANTED.

<u>Docket No. 101 regarding number of time fight clip has been downloaded.</u>  The admission of this evidence depends upon the adequacy of the foundation for it.  The motion is limine is DENIED.

<u>Docket No. 102, Plaintiffs' Motions in Limine</u>.

<u>Motion No. 1 regarding film images of the underlying incident not contained within "CKY3" and/or "Mike V.'s Greatest Hits</u>.  This motion may be addressed at the pretrial conference.

<u>Motion No. 2 regarding evidence of comparative negligence on battery claim</u>.  There being no objection as to comparative negligence, the motion is GRANTED as to comparative negligence.  The application of other legal issues to the facts should await trial and the preparation of jury instructions and the balance of the motion is DENIED.

<u>Motion No. 3 regarding assumption of risk</u>.  The motion is DENIED; again, determination of what legal theories apply to the evidence will abide the trial in preparation of jury instructions.

<u>Motion No. 4 regarding evidence of intoxication</u>.  This motion is DENIED.

<u>Motion No. 5 regarding prior convictions</u>.  This motion should be GRANTED to following extent:  While evidence of plaintiffs' prior convictions is not admissible generally for impeachment, the events of the trial <u>may</u> make prior convictions relevant on issues of damages or credibility.  Counsel should not mention prior convictions before the jury in any way, but may make offers of proof outside the presence of the jury when, during the trial, counsel desires to provide evidence of such convictions.

<u>Motion No. 6 regarding other wrongs or acts</u>.  This motion is GRANTED as to evidence of other wrongs, specifically filing for bankruptcy, court ordered child

support obligations, court-ordered alcohol assessments and the use of street drugs.

The motion is DENIED as to boxing and martial arts experience.

<u>Motion No. 7 regarding experts as rebuttal witnesses.</u>  This motion is DENIED.  The court can better rule on the admissibility of this testimony at the time of trial.

<u>Docket No. 103, Defendant Vallely's Motions in Limine.</u>

<u>Motion No. 1 regarding offers to compromise in settlement discussions.</u>  This motion is GRANTED.

<u>Motion No. 2 regarding insurance.</u>  This motion is GRANTED.

<u>Motion No. 3 regarding plaintiffs' expert opinions.</u>  The court will hear discussion on this matter at the pretrial conference.

**IT IS SO ORDERED.**

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 28th day of August, 2006.

Robert J. Bryan
United States District Judge